**Phyllisjean NEWMAN et al., Appellant,**

**v.**

**Warren B. MORRIS et al., Appellee,**

**No. 48599.**

Supreme Court of Oklahoma.

Dec. 13, 1977.

Rehearing Denied Feb. 22, 1978.

John H. Kennedy, Oklahoma City, for appellant.

William F. Collins, III, McClelland, Collins, Sheehan, Bailey & Bailey, Oklahoma City, for appellee.

IRWIN, Justice.

Trial court sustained a demurrer to the evidence of Phyllisjean Newman (appellant) as to American First Title and Trust Company (appellee) which was one of numerous defendants in appellant's action for an accounting of trust income and the recovery of trust property. Appellee was the trustee of a "Revocable Trust" created in January of 1958 by conveyance of a tract of land into trust by appellant and her then husband, Warren B. Morris (Morris). The pertinent facts are: The res of the Revocable Trust was a tract of land in northwest Oklahoma City. For development purposes, the tract was divided into three lots, re-

ferred to as Lots A, B and C. Under the terms of the "Revocable Trust Agreement", appellee was to hold bare legal title and account for the rents and profits to the trustors, appellant and Morris. Except as to non-amendable provisions defining appellee's duties, the trust was revocable in whole or in part and subject to modification upon written instructions of the trustors. Trustors wanted to build a service station on the westerly most lot, Lot C. This required immediate refinancing due to the pending default on the first mortgage for the entire tract.

Trustors negotiated a lease agreement with a petroleum marketing company contingent upon construction of a service station facility on Lot C. This lease was executed by appellee in its capacity as trustee and the lease became a part of the trust property. Trustors then negotiated with private investors, Downing and Jackson, for the refinancing of the entire tract and for the financing of the construction of the service station. Downing and Jackson paid the first mortgage taking an assignment thereof in their favor. It was then contemplated that the lease covering Lot C and Lot C itself would be conveyed to Downing and Jackson for their use as collateral to finance the construction, the construction to be done by a company owned by Morris. The lease and Lot C proved to be insufficient collateral to capitalize the project so the original agreement was modified to include Lot B. Thereafter, pursuant to written instructions from appellant and Morris, appellee assigned the gas station lease and conveyed by warranty deed Lots C and B to Downing and Jackson.

The agreement between appellant and Morris on the one hand and Downing and Jackson on the other was that the latter would hold title to the property including almost all of the rentals from the assigned lease until they had recouped their investment plus an agreed return. Appellee was not a party to these agreements. By the early months of 1962, only Lot A remained in the Revocable Trust. The service station was constructed on Lot C occupied by the lessee and rents paid to Downing and Jackson, except for a small monthly amount which went to Morris. In late 1962, appellant and Morris were divorced, and neither the interests of the couple in Lots C and B nor in the Revocable Trust were involved in the divorce.

Lot A was transferred from the Revocable Trust to a new trust on written instructions of trustors August 6, 1968. The same written instructions ratified and confirmed appellee's acts as trustee and absolved appellee of any liability for its acts performed as trustee of the Revocable Trust. Some years later appellant became embroiled in a dispute with her former husband, Downing and Jackson over reconveyance of Lots C and B. Action was commenced against these individuals for an accounting and for reconveyance of the property. By amendment, appellee was added as a party defendant under a separately stated cause of action charging a breach of fiduciary duty in failing to account for appellant's share of income from Lots C and B and for failure to pursue such legal action as was necessary to compel Downing and Jackson to reconvey the property into trust for the benefit of appellant.

The trial court sustained appellee's demurrer to appellant's evidence on grounds there was no property in the trust appellee could reconvey and no accountable income from said property. While we cannot agree with the trial court's reasons for sustaining the demurrer, we hold the demurrer was nevertheless properly sustained. As envisioned by appellant, the 1958 Revocable Trust still exists and holds property, i. e., a reversionary interest in Lots C and B.

When it was decided that it would be necessary to assign the service station lease and convey Lots C and B to Downing and Jackson so that they could negotiate the construction loan, appellant and Morris sent appellee written instructions contained in a letter dated February 19, 1962. After directing appellee to assign and convey trust property, the letter further states in pertinent part:

"It is expressly understood that this conveyance is to be made only for the purpose of negotiating said mortgage loan, which your company as Trustee is not legally able to do . . . upon said conveyance having fulfilled the purpose for which it is to be made that the title to said described property be reconveyed to your company, subject to said negotiated mortgage, to hold as Trustee as provided in said Trust Agreement."

When implementing the instructions of the trustors, appellee gave an unqualified assignment of the lease and conveyed Lots C and B by general warranty deed. Appellant contends appellee should not have done so, such being a breach of its instructions and a violation of its fiduciary duty. There was substantial evidence to indicate all parties contemplated unqualified assignment of the lease and conveyance by warranty deed as an essential prerequisite to providing the lender with good title for its first mortgage, but assuming, purely for the sake of argument the instructions were breached appellant still cannot prevail. Breach of fiduciary duty or not, appellee completely divested itself of any interest in the subject lots and the lease by the terms of the transfers on the direction of the Trustors.

Even if we assume appellee incurred potential liability for its failure to make a conditional transfer of the subject property to Downing and Jackson, that liability was absolved when the Revocable Trust was subsequently terminated and the acts of appellee as trustee ratified. Appellant was a co-trustor and co-beneficiary of the Revocable Trust. By statute trustors and beneficiaries are specifically empowered to relieve their trustee or trustees of liability for their acts in such capacity. 60 O.S.1971, §§ 175.21 (trustors) and 175.22 (beneficiaries).

On August 6, 1968, appellant and Morris directed appellee "to transfer the title to all property remaining in your name as Trustee, to the MORRIS TRUST created August 6, 1968, of which Warren B. Morris and Phyllisjean Black Morris are Co-Trustees."

By the terms of the August 6, 1968, letter of instructions, the Revocable Trust terminated under the express language of its own provisions. Even if there were as theorized by appellant some reversionary interest retained by appellee after the 1962 transfers of trust property, "title to all property remaining in" the Revocable Trust was transferred pursuant to the August 6th letter. Paragraph Two of the Revocable Trust Agreement of 1958 states in pertinent part:

". . . the conveyance of all of said real estate or of the final portion thereof remaining shall ipso facto revoke and terminate the trust, except for the settlement of such accounts as shall then and there remain to be settled between the trustee and the trustors . . ."

The undisputed facts adduced at trial were to the effect that the only property remaining in the Revocable Trust, other than the hypothecated reversionary interest, was Lot A. There was no money in the Revocable Trust and there were no accounts to be settled. In the last paragraph of the August 6th letter, appellant and Morris further stated that they "ratify and confirm all acts of the Trustee hereunder and absolve said Trustee from any liability for acts performed as Trustee of said Trust." Thus by the foregoing language, appellant absolved appellee of any liability to her for the 1962 unconditional transfers of the lease, and Lots C and B. There is nothing in the record to suggest appellant was induced to give her ratification by fraud on any individual nor was there any evidence to suggest the exonerating language was given without appellant having knowledge of the state of the trust res. In October of 1967 appellant requested a report from appellee on the status of the trust property. In response to the request an officer of appellee corresponded with her stating the only property remaining in trust was that portion of the tract designated as Lot A. The evidence adduced at trial on behalf of appellant clearly failed to demonstrate any grounds for the imposition of liability on appellee. The trial court's judg-

ment sustaining appellee's demurrer to appellant's evidence was correct.

Judgment of the trial court affirmed.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY, SIMMS and DOOLIN, JJ., concur.